Chen v. Lynch

BIA
Cheng, IJ
A201 294 644

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand seventeen.

PRESENT:
        RALPH K. WINTER,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

CHONG HUI CHEN,
        *Petitioner*,

        v.                                          15-146
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:       Troy Nader Moslemi, Flushing, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Shelley
                       R. Goad, Assistant Director;
                       Elizabeth R. Chapman, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chong Hui Chen, a native and citizen of the People's Republic of China, seeks review of a December 30, 2014, decision of the BIA, affirming a May 16, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chong Hui Chen,* No. A201 294 644 (B.I.A. Dec. 30, 2014), *aff'g* No. A201 294 644 (Immig. Ct. N.Y. City May 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA: because the BIA relied solely on the IJ's adverse credibility determination, only that is before us. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that Chen was not credible.

First, the adverse credibility determination is supported by inconsistencies between Chen's testimony and the documentary record. The IJ was entitled to rely on an inconsistency between Chen's testimony and his record evidence regarding who paid for his fine to secure his release from detention. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (holding that the

3

Court defers to the agency where competing inferences can be drawn from the evidence).

Further, the IJ relied on several inconsistencies between Chen's testimony and his credible fear interview.  While the agency did not assess the reliability of the interview, we have explained that "the BIA need not engage in 'robotic incantations' or make any talismanic references to 'close examination' or 'special scrutiny.'"  *Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).  Rather, the agency can rely on an interview record if it "displays the hallmarks of reliability."  *Id*.  Those hallmarks were present here.  The officer "explained the purpose of the interview, the importance of providing full and accurate testimony, and the fact that [Chen] could ask for clarification at any point during the proceedings."  *Id*.  Further, a Mandarin interpreter was used and the officer asked questions about Chen's past harm and future fear, which were memorialized in a typewritten document.

Chen testified that, during his detention in China, he was slapped and kicked by his interrogators.  However, in his credible fear interview, Chen stated that he suffered electric shocks to his stomach and was beaten with a hammer.  When asked about this discrepancy, Chen admitted that he had lied.  This

4

inconsistency alone could support the IJ's adverse credibility determination. *See Siewe*, 480 F.3d at 170 ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). But the IJ reasonably relied on additional inconsistencies between Chen's testimony and his credible fear interview regarding where he was when he was arrested, what job he held in China, how often he was forced to report to police, and who secured his visa. Chen did not offer any compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Given the inconsistency findings, the agency reasonably found Chen not credible. *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk